Harry E. Gates v. James E. Rice, Lillian Hall, Grace Tarr, Adah Reddish, Fannie Moore, Irvin Rice, Ellen Burchett, Thomas Rice, Birney Rice and Ethel McClain; Thomas Rice, Ellen Burchett and Adah Reddish, Appellants.—8 S. W. (2d) 614.

Division One, July 3, 1928.

*Higbee & Mills* for appellants.

*M. D. Campbell* and *Chas. E. Murrell* for respondent.

GANTT, J.—Martha R. Gates died testate at her home in Kirksville, Missouri, February 5, 1923, the owner of personal property and the following described real estate:

"All of the south one-third of Lot Eight in Block Twelve of the original town (now city) of Kirksville, Missouri, described as follows: Commencing at the southwest corner of said Lot Eight and running thence north eighteen feet, thence east one hundred and eight feet, thence south eighteen feet, thence west one hundred and eight feet to place of beginning."

The pertinent parts of her will are as follows:

"1st. I will that my just debts and funeral expenses be paid.

"3rd. All of my real estate, I give, devise and bequeath to my husband, Harry Gates, to have and hold during his natural life, and at his death the same shall pass in equal parts to Thomas Rice, Ellen Burchett, Grace Tarr and Adah Reddish.

"7th. All of the remainder of my property, I give, devise and bequeath to my husband, Harry Gates."

She left surviving her Harry E. Gates, her husband, and collateral heirs. No children were born of the marriage. Harry E. Gates was appointed administrator with the will annexed. He qualified and administered upon the estate, but did not pay a note for $5000, executed by deceased and secured by a deed of trust on the above described land. His final settlement was made February 16, 1924, and he was discharged. Her estate was solvent, and no rights of general creditors or legatees are involved.

This proceeding was started by the husband, Harry E. Gates, filing suit against all the collateral heirs of the deceased to determine the title to said land. The petition was conventional, but it seems the plaintiff intended at the time of filing the suit to rely on a deed executed by deceased on the day of her death, conveying to him said land. All of the defendants defaulted except the collateral heirs named in the third clause of the will. When the case was called for trial, the plaintiff, by leave of court, withdrew his petition and announced that he would proceed to trial upon the issue as joined by the answer filed by defendants, the reply of plaintiff thereto, and the reply of defendants to the reply of plaintiff.

Thus, the issue tendered by the pleadings was the right of the defendants to have the land exonerated from the lien of the deed of trust out of the personal property held by plaintiff as residuary legatee under the will. On this issue the trial court entered judgment, as follows:

"The court further finds it was not the intention of the testatrix, Martha R. Gates, that all of said $5000 note and interest should be paid out of the personal estate, but that same should be paid out of the respective interests of the plaintiff and said defendants therein; that the reasonable value of said premises is $18,000, and that plaintiff is 53 years of age, and that the portion of said $5000 note to be charged against the interest of the plaintiff shall be ascertained by the mortality tables, and the court finds said sum to be $2996.40, and the amount to be charged against the interest of said defendants is $2003.60; said sum represents the part of the principal each shall pay, and all unpaid interest shall be likewise apportioned.

"The court further finds that the warranty deed recorded in Book 101, page 181, by agreement of the parties hereto, is to be canceled, set aside and for naught held.

"Wherefore, it is ordered and decreed by the court that the plaintiff is the owner of Lot 8, Block 12, of the original town, now city, of Kirksville, Adair County, Missouri, for and during his natural life and that, subject to said life estate, the defendants, Ellen Burchett, Adah Reddish, Grace Tarr and Thomas Rice are the owners in fee thereof as tenants in common; that the interest of Harry E. Gates be charged with $2996.40 and his portion of the unpaid in-

terest on the $5000 note, secured by deed of trust on said premises, and that the interest of said defendants be charged with $2003.60 and their portion of said interest; it is further ordered that the warranty deed from Martha R. Gates to plaintiff, Harry E. Gates, recorded in Book 101 at page 181 of the deed records of Adair county, Missouri, be and the same hereby is canceled, set aside and for naught held; and it is further ordered that said life tenant keep said premises insured against loss by fire and storm for the ample protection of all the parties interested pending this litigation. One-half of lawful costs assessed against plaintiff, and the other half against defendants.''

After unavailing motions for a new trial and in arrest of judgment, both plaintiff, and defendants named in the third clause of the will, appealed. However, plaintiff has abandoned his appeal.

The question for solution calls for a consideration of Section 512, Revised Statutes 1919, as follows:

''A charge or encumbrance upon any real or personal estate, for the purpose of securing the payment of money or the performance of any covenant or agreement, shall not be deemed a revocation of any will, relating to the same estate, previously executed; but the devises and legacies therein contained shall pass and take effect, subject to such charge or encumbrance.''

This section has been construed by this court in the case of Hannibal Trust Co. v. Elzea, 315 Mo. 485, 286 S. W. 371. In that case we held that the rule of the common law authorizing the devisee of real estate to call upon the executor to exonerate the devised land by discharging the mortgage debt out of the testator's personal estate was completely and wholly abrogated by said Section 512. So, if the land in the instant case is to be exonerated out of the personal estate, authority must be found in the will.

Defendants contend the direction in the will of deceased to pay her debts is equivalent to a direction to pay the $5000 note out of the personal estate. We do not think so. The debts of the deceased are required by law to be paid, and this formal clause is only declaratory of the law. In construing a similar clause in a will under consideration in the Hannibal Trust Co. case, supra, we said:

''We do not regard the language of the testator used in Item 2 of his will, directing that all of 'my just debts, including funeral and cemetery expenses, be first paid out of my personal estate,' as evidencing a clear and unmistakable intention on his part that the mortgage indebtedness shall be paid out of his personal or residuary estate, for the reason so clearly stated in the Estate of Porter, 138 Cal. l. c. 622, wherein that court said: 'Of course, in any case, the testator may direct that the mortgage debt be paid, or use such words as clearly show such intent. Some stress is laid upon the

direction in the first clause of the will to "pay all my just debts," but in this case we attach little importance to the words used in the formal manner in which they are used. They are much like the formal, meaningless terms of endearment and pious phrases printed in the formal part of blanks for making wills.' A similar thought is expressed in Meyer v. Cahen, 111 N. Y. 1. c. 274, where that court said: 'The fact that the testator in the first clause of his will directed the payment of his debts as soon after his decease as conveniently could be done we do not regard as material. Such a clause is usually a purely formal one and works no change in the disposition of the testator's property.' "

Thus, it appears we have recently ruled on the exact question presented on this appeal against defendants.

Plaintiff insists that the life tenant and the remaindermen should pay this indebtedness according to their respective interests, citing Section 188, Revised Statutes 1919, as supporting this contention. This section provides that when a secured claim is allowed against an estate, the same shall not be paid until such security has been exhausted. We are unable to find in this section any authority sustaining the contention. In fact, no such authority is given by law or the will.

The general rule as to the duty of a life tenant with reference to encumbrances is as follows:

"The duty of a life tenant to preserve the estate includes the obligation to keep down the interest upon existing incumbrances, but he is not compelled to pay off the principal sum when it becomes due or thereafter, and it is a general rule that a life tenant, who in order to preserve the estate pays off an incumbrance upon the fee, is entitled to reimbursement or contribution from the reversioners or remaindermen to the extent of their interest in the land; by paying off the incumbrance the tenant acquires a lien on the reversionary interest or is subrogated to the rights of the incumbrancer."

It follows that the decree is reversed and the cause remanded with directions: (1) to enter a decree canceling the warranty deed from Martha R. Gates to Harry E. Gates, recorded in Book 101 at page 181, of the deed records of Adair County, Missouri; (2) that plaintiff, Harry E. Gates is the owner of the real estate in controversy for the term of his natural life, and that, subject thereto, the defendants Ellen Burchett, Adah Reddish, Grace Tarr and Thomas Rice, are the owners thereof in fee as tenants in common, each owning an undivided one-fourth thereof; (3) that neither of the remaining defendants has any interest in or to said real estate; (4) that the personal estate of Martha R. Gates, deceased, was not charged by the will with the exoneration of said encumbrance; (5) that plaintiff and the named defendants take title to the real estate in controversy sub-

ject to and charged with the encumbrance of $5000 and accrued interest as evidenced by a School Fund mortgage, dated January 3, 1922; (6) that the cost accruing up to and including the order of the withdrawal of the petition be taxed against plaintiff, and that all costs accruing thereafter be taxed against the named defendants. All concur.