[No. 23645. Department Two. June 15, 1932.]

*In the Matter of the Estate of* ROBERT P. McNULTA, *Deceased.*

JOHN S. LYNCH, *as Executor, Petitioner,* v. GRACE BENEFIEL McNULTA, *Respondent,* HERBERT McNULTA *et al., Appellants.*[1]

*Roberts, Skeel & Holman* and *W. E. Evenson,* for appellants.

*Hastings & Rubens,* for respondent.

*S. H. Kelleran,* for petitioner.

[1] Reported in 12 P. (2d) 389.

BEALS, J.—Robert P. McNulta, a member of the bar of this court, died testate May 22, 1930. Shortly after his death, his will, bearing date June 16, 1928, was admitted to probate by the superior court for King county, and the appointment of John S. Lynch, Esquire, whom the testator had named as executor of his will, was confirmed.

The estate consisted of some farm property in the state of Illinois, personal property which was appraised at a little less than $3,500, and the testator's interest as purchaser under an executory contract for the sale of real estate, bearing date June 18, 1928, whereby Mr. McNulta had contracted to pay $16,600 for a tract of land in the city of Seattle, upon which was situated a duplex dwelling. At the time of making the contract for the purchase of real estate, the deceased and his wife paid $3,750 in cash, and agreed to pay the balance of the purchase price at the rate of one hundred dollars per month, together with other payments on dates specified; there being due on the contract when Mr. McNulta died a balance of $11,-161.19.

The only real estate in the state of Washington in which Mr. McNulta had any interest at the time of his death was the property in the city of Seattle above referred to. He had previously owned other lands in this state, but had disposed of all thereof.

The deceased was survived by his widow, Grace Benefiel McNulta, and by two brothers and a sister, as well as by two nephews and a niece. It is conceded that Mr. NcNulta's property was practically all his separate estate and subject to his testamentary disposition.

By his will, Mr. McNulta provided, first, that his debts be paid; second, that there should go to his wife

"any and all real estate . . . that I may own in the state of Washington at the time of my death;" next, that his executor should sell and dispose of all real estate and other property not otherwise disposed of, and convert the same into cash, turning the proceeds thereof over to a trustee named in the will; and finally, that the proceeds of the property should be invested and the income arising therefrom paid to Mrs. McNulta for her life, or until her remarriage, with remainder to certain designated residuary legatees, the appellants herein. By the will, Mrs. McNulta was required to accept the provisions thereof in lieu of any award or allowance that the law would otherwise give her.

The widow claimed the Seattle real estate, and demanded that the executor pay out of the estate the balance due upon the executory contract; the executor, being in doubt as to the proper construction of the will, petitioned the superior court for directions as to his procedure and for an order construing the will. The parties interested appeared in response to the executor's petition, and a hearing was had, which resulted in an order directing the executor to carry out the contract of purchase of the real estate and make the payments due thereunder from the estate of the decedent; the property, when fully paid for, to become the property of Mrs. McNulta, as devisee under her husband's will.

From this order, the residuary legatees appeal to this court, assigning error upon the admission of certain testimony and the making of a finding based upon all the evidence, as well as upon the entry of the order providing that the widow take the property exonerated from the unpaid balance of the purchase price and directing that such balance be paid out of the estate.

The trial court admitted evidence offered on behalf of Mrs. McNulta, respondent on this appeal, to the effect that the testator, during his lifetime, had stated that he would buy a home for respondent, and that, in a former will, he had bequeathed her twenty thousand dollars, in addition to a life estate in the Illinois property. The former will was not offered in evidence, Mrs. McNulta testifying that she had had the same in her possession but had lost it.

Whether or not the testimony of which appellants complain should have been admitted, need not be decided, as, in our opinion, the questions at issue must be determined upon the will of the decedent, unaided by extraneous testimony. In the first place, it is to be noted that appellants concede that Mr. McNulta's interest in the real property with which we are here concerned shall be considered as real estate owned by him at the time of his death; and, for the purposes of this opinion, we assume, without deciding, that, under the circumstances here present, such an interest should be held to be real estate, and pass to Mrs. McNulta under the devise above quoted.

The basic rule governing the construction of a will is that the testator's intent controls, which principle is recognized by the statute law of this state. Rem. Comp. Stat., § 1415. The intent is, of course, to be determined as of the date of the execution of the will. *Peiffer v. Old National Bank & Union Trust Co.,* 166 Wash. 1, 6 P. (2d) 386. If the testamentary intention can be ascertained from the language of the will, extrinsic evidence concerning the same should not be received, such evidence being admissible only in case it be held that the testament is ambiguous. The will, if it plainly expresses the intention of the testator, cannot be overridden by parol testimony, and another and a different intent substituted for that expressed in

the will. *Shufeldt v. Shufeldt,* 130 Wash. 253, 227 Pac. 6.

In the case at bar, it appears that the vendor in the contract for the sale of the real estate has filed with the executor a claim for the unpaid balance due under the contract, thereby electing to affirm the contract and require from the estate full payment of the agreed purchase price. It appears, then, that such balance has become a debt due from the estate, although during the testator's lifetime its character was rather that of a contingent obligation. We hold, however, that the provision of the will directing payment of debts constitutes merely a formal expression which is merely declaratory of the law, and should not, of itself, be construed as indicating an intent on the part of the testator to exonerate a devise of real estate from an encumbrance thereon. *German-American State Bank v. Godman,* 83 Wash. 231, 145 Pac. 221; *In re Hart's Estate,* 150 Wash. 482, 273 Pac. 735; *Hannibal Trust Co. v. Elzea,* 315 Mo. 485, 286 S. W. 371.

The provision of the will whereby the testator devised to his wife all real estate "that I may own in the state of Washington at the time of my death," is plain and simple. Assuming, as above stated, that Mr. McNulta's interest in the Seattle property under his contract to purchase vests in respondent under this devise, we hold that the devise operated to vest in respondent only the rights under the contract which Mr. McNulta owned at the time of his death. It would have been easy for the testator to have stated in his will, or in a codicil thereto, that he desired his residuary estate to pay any sums due upon the purchase price of the property. This he did not do.

It is true that the will bears date two days prior to the date of the execution of the real estate contract, but the trial court found that the execution of the latter

instrument was anticipated for some time prior to its date, and it is proper to suppose that the will was executed in contemplation of the execution of the agreement for the purchase of the land. If this assumption be not indulged in, respondent's position is, under the evidence, less reasonable than it is on the other basis.

The following sections of our code indicate that, in certain cases at least, property vesting by devise or descent is so taken subject to encumbrances:

"When any person shall diè seized of any lands . . . , they shall descend subject to the debts. . . ." Rem. 1927 Sup., § 1341.

"Upon the death of either husband or wife, one-half of the community property shall go to the survivor, subject to the community debts . . ." Rem. Comp. Stat., § 1342.

"A bond, covenant, or agreement made for a valuable consideration by a testator to convey any property, devised or bequeathed . . . , shall not be deemed a revocation . . . , but such property shall pass by the devise or bequest, subject to the same remedies on such bond . . ." Rem. Comp. Stat., § 1400.

"A charge or encumbrance upon any real or personal estate for the purpose of securing the payment of money, or the performance of any covenant or agreement, shall not be deemed a revocation of any will relating to the same estate, previously executed. The devises and legacies therein contained shall pass and take effect, subject to such charge or encumbrance." Rem. Comp. Stat., § 1401.

In *In re Hart's Estate, supra,* this court held that the will then before the court for construction did not evidence any intention on the part of the testator to charge debts on his community share of the property and exonerate that belonging to the widow. The opinion of the supreme court of Missouri in the case of *Gates v. Rice,* 320 Mo. 580, 8 S. W. (2d) 614, is also in point upon this question.

It is to be remembered that a testator is presumed to intend to make testamentary disposition only of that property which he owns, or has the right to dispose of by will, and that he is presumed to have knowledge of his own titles. 28 R. C. L. 233, § 194. When he made the will now before us, Mr. McNulta owned little or no real estate, and at the time of his death, Mr. McNulta owned no more than the proportion of the purchase price·of the property which he had paid under the contract. His intention that Mrs. McNulta should take such real estate as he owned in this state at the time of his death is clear; his words could not well be more explicit. This language is not ambiguous, and we find nothing in the situation as presented by the record which renders the will ambiguous or which affords any justification for the admission of extraneous evidence which would justify a holding that the will means anything save exactly what it says.

Under the will, respondent succeeds to her husband's position as vendee under the contract of sale. Mrs. McNulta may complete the payments which fall due on the contract out of her own property and become owner of the entire fee; or, if the estate be compelled, pursuant to the claim filed by the vendor in the contract, to pay the balance of the purchase price, Mrs. McNulta and the estate will become tenants in common in proportion to their respective interests. If other questions arise, they will be determined when presented.

■ Respondent argues, inter alia, that the order of the superior court should be affirmed because the will does not provide for the acquisition of property by the estate; and that, if money belonging to the estate is paid out on the claim filed by the vendor of the real estate, the property which the estate thereby acquires

is not disposed of by the will, unless it be held that the same goes to respondent under the devise of all real estate owned, etc.

The fact that the estate may acquire some property as the result of paying a claim which it is compelled to liquidate does not require any strained or forced construction of the will considered as a whole. The fact that some questions may arise in connection with the acquisition by the estate of the title to an undivided interest in the real property does not justify the entry of the decree which is before us for review. Neither does it appear that such property will not pass under the will.

Respondent argues that, because of her failure to exercise her rights under the laws of Illinois, Mrs. McNulta will be placed in a disadvantageous situation in case of a reversal of the order appealed from. In determining the questions here presented, we cannot consider such arguments as this. We hold that the will is plain, and that the trial court erred in the construction which it placed thereon.

We have examined the authorities cited by respondent, and find nothing therein which militates against the conclusion we have reached as to the law applicable to the rather unusual facts presented by this record.

The order appealed from is reversed, with instructions to proceed in accordance with this opinion.

TOLMAN, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.