In re SIMPSON'S ESTATE.
No. 25479.

County Judges' Court, Pinellas County.

August 20, 1958.

Thomas V. Kiernan, St. Petersburg, for the executor.

Ramseur, Bradham & Clark, St. Petersburg, for Wanda Louise Simpson.

Carey & Harrison, St. Petersburg, for Florida National Bank of Jacksonville, guardian of the estates of the Simpson minors.

JACK F. WHITE, County Judge.

Wanda Louise Simpson, who elected to take dower in her deceased husband's estate, has petitioned the court for an order requiring the executor to pay from estate funds the amount of a claim which was filed but later withdrawn when the claimant, decedent's mother, chose to rely exclusively on the security of a mortgage on property which was the decedent's homestead at the time of his death. The executor filed an answer denying any obligation on the part of the estate. The cause came on for hearing and was ably argued by counsel for the respective parties.

Maurice Clay Simpson, prior to his marriage to the petitioner, became indebted to his mother, Ethel May Simpson, and on November 24th, 1953 delivered to her his note in the sum of $10,000 secured by a mortgage on certain real property in the city of St. Petersburg, described as lot 21, Brunson's Subdivision, according to the public records of Pinellas County. On November 7th, 1956 Maurice Clay Simpson married the petitioner, Wanda Louise Simpson, and they made their home on said premises. There are two minor children of Maurice Clay Simpson by a previous marriage, and they are interested parties in these proceedings.

Maurice Clay Simpson died on May 7th, 1957, leaving a gross estate of approximately $70,000, and on May 22nd, 1957 his brother Clifford L. Simpson qualified as executor of his last will and testament. The will, dated September 23rd, 1954, was made nearly three years prior to petitioner's marriage to the decedent and she was not named as a beneficiary. On July 8th, 1957 Ethel May Simpson filed against her son's estate a claim for the mortgage indebtedness aforesaid and no objection was interposed. On October 7th, 1957 the petitioner elected to take dower. On April 29th, 1958 Ethel May Simpson filed a withdrawal of her claim, setting forth an intention to enforce satisfaction by means of the mortgage alone and expressly waiving any right to a deficiency against the probate estate. Wanda Louise Simpson then filed her petition for an order directing payment of the claim as an obligation of the estate.

Is the petitioner, in view of the filing of the mortgagee's claim and despite its withdrawal, entitled to have the claim paid from the assets of her husband's estate and thus have her homestead life interest free from the encumbrance of the mortgage? The petitioner contends that denial of the relief prayed would deprive her of what amounts to a vested right. The arguments of counsel were largely on reason and principle in the absence of any reported decision directly analogous. Reference to two Florida decisions, however, may be helpful in considering the question here presented.

Goggin v. Shanley, Fla., 81 So. 2d 728, involved a claim which, if regularly litigated, would have been barred by limitation. It was held that the failure to file timely objection gave the claim the effect of a judgment. The executrices could be sued for their negligence, but not even the court could question the claim. Generally, prior to that disturbing decision, the risk of non-objection with respect to claims had not been considered so great nor the authority of the probate court so limited.

In affirming the impregnable status of the claim in that case, Goggin v. Shanley might seem to favor the petitioner here. There are, however, important distinctions. In the present case the claim

was withdrawn, while in Goggin v. Shanley the claimant insisted on payment and the case did not involve the right and effect of withdrawal as applied to an alleged third party interest. For aught that appears, the incontestable character of the claim gave the claimant alone an interest which could be adversely affected by withdrawal.

In re Comstock's Estate, Fla., 197 So. 121, affirms the proposition that a creditor secured by a mortgage on a decedent's homestead has such power with respect to his claim that he may determine, in effect, whether the homestead inures to the widow and heirs free from the mortgage or subject to it. In that case the decedent's homestead was heavily mortgaged. The widow was left very little under the will and she did not elect to take dower, but the mortgagee was requested to file a claim for the indebtedness so that it could be paid from estate assets. The mortgagee declined to file a claim and the executor, because of impending hardship to the widow, sought court instruction. It was held that the estate was not obligated and therefore the court could not authorize payment.

Wanda Louise Simpson's interest in this estate was limited optionally to a child's part or a dower interest. She elected to take dower. At the time of such election the mortgagee's claim was on file, a circumstance which may or may not have influenced the election, but the executor was not responsible either for the filing of the claim or for its withdrawal. Having done nothing improper or inconsistent with the best interest of the estate, the executor can not now be placed in the position of imposing unwanted benefits on a mortgagee who renounces all right to payment from the estate. Such payment would, moreover, wrongfully impair the rights of the beneficiaries under the will.

These proceedings may be, in a sense, a non-probate controversy between parties neither of whom has an actual, disputed claim against the estate. The mortgagee disclaims any interest and, except for her dower which is definite, the petitioner has no interest. As applied to these proceedings in this court, there is no question of estoppel or election of remedies. No interest was vested in the petitioner by the filing of the claim and no divestiture resulted from its withdrawal.

The conclusion is that there is no legal basis for an order directing the executor to pay the mortgage indebtedness to Ethel May Simpson, she having withdrawn her claim as she had the right to do. The duty of the executor is to pay only those claims which are valid and subsisting demands against the estate.

It is therefore ordered and adjudged that the petition of Wanda Louise Simpson be and the same is hereby denied.