## In re ASHKENAZY'S WILL.
### No. 51928.

County Judges' Court, Dade County.
July 7, 1961.

Wepman & Wepman, Miami, for the executors.

Richard K. Fink, Miami, for the specific devisee, Jeanne Ashkenazy.

Kovner & Mannheimer, Miami Beach, for the residuary legatee, David B. Ashkenazy.

GEORGE T. CLARK, County Judge.

This matter came on to be heard upon — (1) the petition of Jeanne Ashkenazy for exoneration of a specific devise and for payment of rent received on devised property; (2) the petition of the executors for instructions (*re* devise to Jeanne Ashkenazy); (3) the petition of the executors for instructions (*re* bequest to Lillian Conway Fine of 133 shares of Wellington Fund, Inc.); and an agreed statement of facts which has been filed herein, set forth in full below —

## STIPULATION

The following facts are hereby stipulated to by the attorneys for the executors herein; by the attorneys for the residuary legatee, David B. Ashkenazy; and by the attorney for the specific legatee, Jeanne Ashkenazy; however, this stipulation is limited to an agreement of the truth of the following facts without acknowledgment as to their materiality, relevancy or admissibility.

1. That the decedent herein, Saul Ashkenazy, and the specific legatee herein, Jeanne Ashkenazy, were married on the 10th day of September, 1950, in the City of Stuart, County of Martin, State of Florida.

2. While married, the decedent and his wife purchased improved real property located in Dade County, Florida, subject to an existing first mortgage; the date of warranty deed conveying title to said property to them was the 6th day of May, 1952, and said deed was recorded on the 8th day of May, 1952, and provided as follows:

Subject to mortgage for $7,200 made by Homecraft Corporation, a Florida corporation, to National Title Insurance Company, a Florida

corporation, dated August 15, 1950, and recorded in mortgage book 2352, page 299, and assigned to John Hancock Mutual Life Insurance Company, a Massachusetts corporation, by assignment of mortgage dated December 27, 1950, and recorded in assignment book 326, page 96, of the public records of Dade County, Florida. Balance on said mortgage was $6,977.81 on April 1, 1952, with interest paid to that date which balance the grantees herein specifically assume and agree to pay.

That said mortgage was payable at the rate of $55 per month. At the time decedent executed his will, he resided on the property in question and used the same as his home; that after the execution of said will, in November, 1960, decedent leased said property, and did thereafter, until the time of his death, derive rental income therefrom, and that from and after November, 1960, the same was not homestead property.

3. The decedent and his wife were divorced by final decree of divorce entered on the 16th day of December, 1957, in Dade County Circuit Court, Chancery No. 205751. The divorce decree ratified and incorporated a separation agreement executed by the parties, dated September 24, 1957, which agreement provided for conveyance of the aforesaid real property by the wife to the husband and for the husband to assume the payment of the aforesaid mortgage. Pursuant to said decree and said separation agreement, the former wife conveyed said property to the decedent by warranty deed dated January 28, 1958, recorded on February 25, 1958, which deed specifically provided for the decedent to assume and agree to pay the aforesaid mortgage. The decedent continued to make the payments on said mortgage until his death, and the present principal balance of same is approximately $5,000.

4. On June 6, 1960 the decedent executed a valid last will and testament which provided, inter alia, as follows:

"*Second*: I instruct my hereinafter named Executrix and Executor to pay all of my just debts as soon after my death as shall be practicable.

"*Tenth*: Unto my former wife, Jeanne Ashkenazy, I give, devise and bequeath my house, located on Douglas Road in Coral Gables, Florida, to do with as she sees fit; unto my said former wife I likewise give, devise and bequeath my cemetery lots in Mount Sinai Far Band Cemetery in Miami to do with as she sees fit.

"*Twelfth*: I give, devise and bequeath unto my friend, Lillian Conroy Fine of Miami, Florida, all of my shares in the Wellington Fund, the property legally described as: lots 1 and 2 in block 1 of Lake Letta Estates, according to the plat thereof, recorded in plat book 1, page 70-B of Highlands County, Florida; and my automobile.

"*Fourteenth*: All of the rest, residue and remainder of my estate, whether real, mixed or personal, wheresoever situate, I give, devise and bequeath to my beloved nephew, David B. Ashkenazy, absolutely."

5. The shares referred to in paragraph twelfth of the decedent's will were unencumbered at the time of the execution of said will, but at the time of decedent's death they, together with 513 shares of National Securities Growth Series Stock, which was part of the residual estate, were encum-

bered to Mercantile National Bank of Miami Beach, Florida, to secure a loan in the sum of $4,000 dated October 19, 1960, due and payable on April 19, 1961, with quarterly interest of 5½% per annum.

6. The decedent died on February 5, 1961.

7. The decedent's will was admitted to probate on February 14, 1961.

8. No claim has been filed in the estate by the mortgagee of the above described real property.

9. Claim has been filed in the estate by the aforesaid bank.

Dated this 6th day of July, 1961.

The foregoing petitions are in effect petitions for construction of the will of the deceased, Saul Ashkenazy, under §732.41, Florida Statutes.

The real property devised to Jeanne Ashkenazy was subject to a mortgage at the time of the making of the will and at the date of death. The shares of stock bequeathed to Lillian Conway Fine were pledged to Mercantile National Bank of Miami Beach along with other stock subsequent to the making of the will, but the debt had not been paid at the date of death.

The Florida cases concerning exoneration are of little or no value in the determination of the questions before this court in this case because the property involved in each of the Florida cases was not a part of the assets in the probate court. *Homestead property:* In re Comstock's Estate (Fla. Sup. Ct. 1940), 197 So. 121; In re Simpson's Estate (Pinellas County Judge's Court 1958), 12 Fla. Supp. 183, aff'd Fla. App. 2d Dist. 1959, 113 So. 2d 766; and Furlong v. Coral Gables Federal Savings & Loan Ass'n. (Fla. App. 3d Dist. 1960), 121 So. 2d 797. *Tenancy by the entireties:* Lopez v. Lopez (Fla. Sup. Ct. 1960), 90 So. 2d 456.

In the cases just cited the right of exoneration is solely a question of law. In the case at bar where the property involved is a specific devise and a special bequest, the intent of the testator is the controlling factor. This is a question of fact to be determined by the applicable rules of law. Generally the intent of the testator must be determined from the will itself. Meszaros v. Holsberry (Fla. Sup. Ct.), 84 So. 2d 565; Adams v. Vidal (Fla. Sup. Ct.), 60 So. 2d 545; and State v. North (Fla. Sup. Ct.), 32 So. 2d 14.

The only part of the will of Saul Ashkenazy which makes any reference to the payment of debts or liens is paragraph second — "I instruct my hereinafter named Executrix and Executor to pay all of my just debts as soon after my death as shall be practicable."

This is the usual general paragraph which is included in every will prepared by an attorney as well as most printed forms of wills which can be purchased in any stationery store. It has been held that such a paragraph in a will is sufficient evidence of the intent of the testator to entitle a devisee to exoneration from the lien of a mortgage, even though the mortgagee did not file a claim. In re Cline's Estate (Kansas Sup. Ct. 1951), 227 Pac. 2d 157.

It is the opinion of this court that the better rule with respect to such general paragraphs relating to payment of debts has been stated by appellate courts in Washington and Missouri in the following cases — In re McNulta's Estate (Wash. Sup. Ct. 1932), 168 Wash. 397, 12 Pac. 2d 389 — "We hold, however, that the provision of the will directing payment of debts constitutes merely a formal expression which is merely declaratory of the law and should not, of itself, be construed as indicating an intent on the part of the testator to exonerate a devise of real estate from an incumbrance thereon." Savings Trust Co. of St. Louis v. Beck, (St. Louis Ct. of Appeals 1934), 73 S.W. 2d 282 — "It is also clear that Mabel A. Wilson evidences no intention in her will that the property should pass to said devisees discharged of the mortgage debt. It is true she directs her executrix to first pay out of her estate all of her just debts, including the expenses of her last illness and funeral, but this is insufficient to show an intention to exonerate the specifically devised property from the mortgage debt."

Since the will itself contains no clue as to the intention of the testator as to the right of exoneration of the specific devisee, Jeanne Ashkenazy, and the specific legatee, Lillian Conway Fine, this becomes one of those rare cases in which it becomes the duty of the court to examine other facts and circumstances to ascertain the intention of the testator.

The court finds that it was the intention of the testator that Jeanne Ashkenazy take her devise subject to the mortgage encumbering the devised property, and that she is not entitled to exoneration because — (1) The land was encumbered when the will was made. (2) The testator intended to devise the property he then owned, which was the equity in the devised property. (3) The mortgage was a long term obligation which might not be paid in the lifetime of the testator.

The court finds that it was the intention of the testator that Lillian Conway Fine take her legacy free and clear of liens, and that she is entitled to exoneration because — (1) The shares of stock were not encumbered when the will was made. (2) The testator intended to bequeath the property he then owned, which

was free and clear. (3) The bank loan was a short term obligation which the testator expected to pay in his lifetime.

It is the opinion of this court that the filing of a claim by the mortgagee or the pledgee is immaterial because the right of exoneration should not be dependent upon the act of a third party who is not required to take any affirmative action. Florida Statutes, §733.16(1)(b).

It is ordered and adjudged that the devise of the following described property located on Douglas Road in Coral Gables, Florida, to wit, lot 8, block 1, Realty Securities Plat of Coconut Grove, according to the plat thereof recorded in plat book 2 at page 85 of the public records of Dade County, Florida, together with the building and improvements thereon, and the furniture, furnishings and fixtures contained therein, is subject to the mortgage which encumbered said property at the death of Saul Ashkenazy, and that Jeanne Ashkenazy is obligated to make the payments on the mortgage subsequent to the date of death in order to protect her interest, and that Jeanne Ashkenazy is entitled to all income from said property subsequent to the death of the testator, less any payments made for her by the executors on account of the mortgage debt or for maintenance of the property.

It is further ordered and adjudged that the bequest of "all of my shares in the Wellington Fund" (133 shares Wellington Fund, Inc.) to Lillian Conway Fine is free and clear of liens and encumbrances, and that the executors are authorized and directed to pay and satisfy the claim of Mercantile National Bank of Miami Beach out of the residuary assets of the estate.