CHARLOTTE MEYER, Individually, and as Executrix, etc. Respondent, *v.* JAMES P. CAHEN et al., Executors, etc., Appellants.

The will of M. gave to his wife certain premises, together with certain personal property, to be received by her in lieu of dower. At the time of the testator's death there was a mortgage upon the premises, the amount of which was about the value of the premises. The widow accepted the provisions. Subsequently the mortgage was foreclosed, resulting in a deficiency. In an action for a construction of the will, *held*, that the widow was not entitled to be allowed the value of the real estate; that under the statute (1 R. S. 749, § 4), she simply took the equity of redemption and was required, as devisee, to pay and satisfy the mortgage.

Statement of case.

Also, *held*, it was immaterial that the testator, in the first clause of his will, directed the payment of his debts as soon after his decease as conveniently could be done.

After giving a legacy of $1,000, the will gave the testator's residuary estate to his executors, in trust, to be converted into money. At the time of his decease the testator had $20,000 in a firm in which he was a partner. This he provided should remain in the business at interest, if his partner should assent, the interest to go to his wife as long as she remained unmarried, and if she did not marry again, until her death   The balance of the estate he directed his executors to invest in interest bearing securities, the interest to be paid to his wife as long as she remained unmarried. The fifth clause of the will then provided that, upon the death or marriage of his wife, his executors should convert all the residuary estate into money and divide the same into six parts, to be distributed as directed. In the sixth clause the testator directed his executors, as soon as convenient after his decease, to pay to the beneficiaries named in the fifth clause a certain proportion of the legacies bequeathed to them, amounting, in all, to $11,000. The clause concluded thus: "Such several payments to be on account of and to be deducted from any share or proportion of my estate which they shall be entitled to receive under the preceding paragraph." The debts of the testator, exclusive of the bond and mortgage and the funeral expenses, amounted to about $2,000. The testator, aside from the $20,000 in the firm, owned $10,000 of personalty. It was claimed by the legatees that the $11,000 provided for in the sixth clause should be paid from the personalty before the provision for the widow, and that she was only entitled to interest on the residue. *Held*, untenable; that the intention of the testator was to give his wife, during widowhood, the use of all his property, after deducting the $1,000 legacy.

(Argued October 10, 1888; decided November 27, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 31, 1886, which affirmed a judgment entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff individually, and as executrix of the will of Julius R. Meyer, her deceased husband, to obtain a judicial construction of his will.

The provisions of the will in question and the material facts are substantially set forth in the opinion.

*E. C. Boardman* for appellants. The widow was liable for the deficiency on the foreclosure sale. (1 R. S. 749, § 4.)

*M. L. Townsend* for respondent. The interest on the $20,000 in the firm of J. R. Meyer & Co., bequeathed to the widow, is a specific legacy. (2 Redf. on Wills, 132, § 7; Id. 136, § 7, subd. 9; Id. 149, subd. 26, 27.) The plaintiff was entitled to dower in the house and lot, freed of the mortgage, as against the testator's heirs-at-law, and the legatees mentioned in the will. (*Bartlet* v. *Musliner*, 28 Hun, 235; *Collins* v. *Ferry*, 7 Johns. 277; *Van Dyne* v. *Thyne*, 19 Wend. 162; *Lewis* v. *Smith*, 9 N. Y. 502.) By accepting the provisions of the will in lieu of dower, the plaintiff became a purchaser, for a valuable consideration, of the house and lot, and not a naked devisee. (2 Scribner on Dower, 527; Roper on Legacies, 431; *In re Dolan*, 4 Redf. 511; *Williamson* v. *Williamson*, 6 Paige, 305; *Insenhort* v. *Brown*, 1 Edw. Ch. 411.) At common law the plaintiff would have had the right to compel the payment of the mortgage by the executors, out of the personal estate of her husband. (2 Greenleaf's Cruise on Real Prop., title 15, ch. 4, §§ 1–27.) The intent of the testator, as expressed in the will, was that the mortgage should be paid by his executors out of his personal estate, and that his widow should not take the house and lot, charged with the payment of the mortgage. (4 Kent's Com. 163; *Power* v. *Lester*, 23 N. Y. 527; *Warring* v. *Smith*, 2 Barb. Ch. 119; *Astor* v. *Miller*, 2 Paige, 68.)

PECKHAM, J. The defendants herein appeal from a judgment of the General Term, affirming that of the Special Term, construing the will of Julius R. Meyer, who died on the 20th of May, 1884. The defendants, Cahen, were appointed executors, and the other defendants are legatees under the will. By the second paragraph of his will the testator gave to his wife, the plaintiff, his house and lot in West Fifty-third street, New York, together with certain books, plate and other personal property, which were to be received in lieu of dower. By the third paragraph he bequeathed to Paula Friedheim the sum of $1,000, in trust, to be held by the executors of his will until she arrived at the age of twenty-

one years, or married. At the time of the execution of the will, and at the time of the death of the testator, there was a mortgage for $12,000, executed in 1869, by the testator and a former wife, upon the house and lot in Fifty-third street. On the 10th of September, 1885, this mortgage was foreclosed, and the premises sold, resulting in a deficiency of $2,184, for which sum judgment against the estate was perfected.

The value of the house and lot was found to have been $12,000 at the time of the death of the testator, and he having by his will given the premises to his widow, she claims that she should be paid that amount from the estate. The defendants object to this construction, and claim that she took simply the equity of redemption in the premises.

The courts below have decided this question in favor of the plaintiff. In this we think they erred. We think the case comes clearly under 1 Revised Statutes, 749, section 4, which reads as follows: "Whenever any real estate, subject to a mortgage executed by an ancestor or testator, shall descend to an heir, or pass to a devisee, such heir or devisee shall satisfy and discharge such mortgage out of his own personal property, without resorting to the executor or administrator of his ancestor, unless there be an express direction in the will of such testator that such mortgage be otherwise paid."

We can give no force to the arguments urged on the side of the widow as against the plain commands of this statute. We do not see that the provisions of 1 Revised Statutes, 740, section 4, in regard to the right of a widow to be endowed out of lands mortgaged before her marriage as against all but the mortgagee or those claiming under him, throw any light on the case, or take it out of the application of the above quoted section of the statute. Nor do we think the argument for the widow is strengthened by the claim that she having accepted the property in lieu of dower is entitled to special and favorable consideration in all questions, the same as if she were an actual purchaser for a valuable consideration. That does not alter the fact that she takes by virtue of the devise

in the will of the testator, and it does not take the case out of the operation of the statute in question, which is perfectly plain, unambiguous and effective, and covers, at all points, the case of the widow herein.

. The fact that the testator in the first clause of his will directed the payment of his debts as soon after his decease as conveniently could be done we do not regard as material. Such a clause is· usually a purely formal one and works no change in the disposition of the testator's property. The statutes provide that all debts and funeral expenses shall be paid first, and a direction in the will to do what the law requires to be done can throw no material light upon the meaning of the will. We think the contention of the defendants is correct, and that the widow should not be allowed the value of the real estate as claimed by her.

One other question arises under this will. The testator, in the fourth clause, provided that all the rest, residue and remainder of his property, real, personal and mixed, and wheresoever situated, of every character and nature whatsoever, should be converted into money. And he gave, devised and bequeathed unto his executors all of such property in trust for the purposes mentioned in his will. At the time of his decease he had in the firm of J. R. Meyer & Co., of New York, $20,000, and he provided in his will that it should remain there at six per cent interest if his partner should consent to it, and that interest was to go to his wife as long as she remained unmarried. The balance of his estate he directed to be invested by his executors in interest bearing securities, the interest to be paid to his wife as long as she remained unmarried. He then provided for his issue living at the time of his death, but as he left none it is not necessary to refer to that provision. By the fifth clause he provided as follows: " In the event of the marriage or upon the death of my said beloved wife Charlotte Meyer, and there be no issue of my said marriage, or in case there be issue and such issue shall die before attaining the age of twenty-one years, then I direct and empower my said executors hereinafter named, or the

survivor or survivors of them, to convert all said the rest, residue and remainder of my property and estate into money, divide the same into six (6) equal parts or shares and to distribute the same in the manner following, to wit:" He then provided for giving legacies to the individual defendants herein, and by the sixth clause directed his executors, as soon as conveniently after his decease, to pay to the parties named in the fifth clause a certain proportion of the legacies bequeathed to them, making in all $11,000, and, continuing, the testator said: "Such several payments to be on account of and to be deducted from any share or proportion of my estate which they respectively shall be entitled to receive under paragraph fifth of this instrument."

It is found, as a fact, that the debts of the testator at the time of his death, including funeral expenses, but excluding the amount secured by the bond and mortgage, did not exceed the sum of $2,000; that, in addition to the $20,000 which he had in the firm, he had $10,000 of personalty, which has come into the hands of the executors. It is conceded that the $1,000 bequeathed to Paula Friedheim is to be paid before the payment to the widow, excepting under the second clause of the will, and the defendants claim that the payment of legacies, mentioned in the sixth clause of the will, should be made from the personal estate before the widow should be paid the interest on any balance that might exist.

The testator left, as stated, $20,000 in the firm and $10,000 of other personalty. Out of this is to be paid $2,000 of debts, a $1,000 legacy, $2,184, the deficiency judgment, and, if the defendants are right, $11,000 more to them before the widow is to receive anything, making over $16,000 to be deducted from the estate of $30,000; and upon the balance only was the widow, upon this construction, to receive interest during her widowhood. The plaintiff, on the other hand, claims that the legacies are to be postponed in their payment until her remarriage or death.

The will is undoubtedly ambiguous and, to some extent, inconsistent and doubtful in its meaning. In the first part of

the will, with the exception of the $1,000 legacy, he provides
for the gathering together of his whole estate, leaving the
amount in his firm to remain at six per cent interest, and the
interest on the whole is to be paid, by the very terms of
the will frequently repeated, to his wife, "as long as she
remains unmarried, and if she does not marry again, to be
paid to her until her death." The scheme of the will, the
main intention of the testator to be gathered from its perusal,
is that the wife shall enjoy the estate during widowhood, in
all the property of which he died seized, with the exception
of the $1,000 legacy. And in the fifth clause, where he is
about to provide for the legacies to the defendants, the pro-
vision is plainly made that the executors are to make such
payment only in the event of the marriage or upon the death
of his wife. Up to this point all is clear sailing. But the
sixth clause, by which he directs his executors, as soon as con-
veniently may be after his decease, to pay unto these various
legatees a certain proportion of the amount therein named of
their legacies, is utterly at war with everything that has pre-
ceded it, if it be held to mean that the payment of these
proportions of legacies is to be made during the lifetime and
widowhood of his wife. We are to harmonize, as best we
can, the various provisions of this will, and determine, so far
as possible, the meaning which the testator had at the time
he executed it. It has been well said by EARL, J., that, "in
the construction of wills, as in the determination of questions
of fact and other questions of law, it is not to be expected
that absolute certainty can always be attained. Upon ques-
tions of fact, it is sufficient that there is a balance of evidence
or probabilities in favor of one side or the other of the dis-
pute, and upon such balance courts will rely in deciding the
weightiest issues. So, in the construction of written instru-
ments, courts will scrutinize the language used, and, however
confused, uncertain and involved it may be, will give it that
construction which has in its favor the balance of reasons and
probabilities, and will act upon that. The intent of a testator
may sometimes be missed, but such is the inferiority of lan-

guage and human judgment that such a result is sometimes unavoidable." (*Weeks* v. *Cornwell*, 104 N. Y. 325.)

We cannot escape the conviction that the testator never intended that the payment of these legacies, or any portion of them, should be made during the time when he had already specifically and repeatedly provided for the payment of the whole interest upon all of his estate, with the exception of the $1,000 legacy above mentioned, to his wife during her widowhood, What other construction can be given consistent with the language used and the main purpose and intent of the testator? It is suggested that the testator might have had in his mind the death of the widow before his own, and that in such event the payments under the sixth clause would be made as soon after his death as conveniently could be, and within the year ordinarily allowed for the payment of legacies. Or that he might have meant that, after the death of the widow, the payment should be made as soon as conveniently could be under the sixth clause, and the balance under the fifth. The language does not give, it must be confessed, any very strong color looking to the correctness of either of these interpretations, and yet we think we should come much nearer carrying out, in the main, the intention of the testator, as evidenced by the language used in this will, by construing the language in the sixth clause to mean one or the other of the two suggested interpretations rather than to interpret it as providing for the payment of the $11,000 during the lifetime and widowhood of his wife, and thus overthrow what is seen, from the various provisions he made in regard to it, was the main intention of the testator, namely, provision for his wife during her widowhood, to consist of the use of all of his property during that time, and the fee simple of his house and lot in Fifty-third street, subject to the mortgage, and after deducting the $1,000 legacy above referred to.

These views lead to a modification of the judgment of the General and Special Terms by striking out from the fifth paragraph of the judgment, as entered at Special Term, all the provisions relating to the payment of the $12,000 to the

plaintiff Charlotte Meyer, individually, or at all, and it should be adjudged that the plaintiff is not entitled to such payment, or any part thereof.

As thus modified the judgment should be affirmed, without costs to either party.

All concur.

Judgment accordingly.