In the Matter of the Judicial Settlement of the Account of
JULIUS P. CAHEN *et al.*, as  Executors, etc.

*Court of Appeals, October* 22, 1889.

Reversing 48 Hun, 614, Mem.

*Appeal.    Subsequent decision.*—Where, after a surrogate has settled
the accounts of an executor in accordance with a decision of the general
term in an action to construe a will of the testator, the  general term's
decision is reversed on appeal to the court of appeals, the surrogate's
decree is erroneous, wherein it followed the directions of the general
term.

Appeal from a judgment of the  general term, affirming
a decree of the surrogate.

*E. C. Boardman*, for  appellant.

*M. L. Townsend*, for respondent.

EARL, J.—Since the decision of this court in Meyer *v.*
Cahen, 111 N. Y. 270; 19 N. Y. State Rep. 263, an action
for the construction of the will of Julius R. Meyer, there is
little left of the controversy between these parties.    We
there held that the executors were not authorized to make
any of the payments in the sixth clause of the will during
the widowhood of the testator's wife.    Before that decision
was made, these executors had paid to one of the legatees

in that clause mentioned, in two items, the sum of $958.83, and upon the accounting before the surrogate they claimed credit for such payments. It is conceded by the executors that the payments were unauthorized by the terms of the will, as it has been construed in the action referred to. But they claim that the payments were made with the assent of Mrs. Meyer under such circumstances that she is precluded from objecting to them. The surrogate, considering all the facts relating to these items, disallowed them as credits, and his decision, having been affirmed at the general term, concludes us. The proof is far from satisfactory that she assented to these illegal payments in such way as to be bound thereby.

The supreme court in the action above referred to for the construction of the will held that the widow was entitled to, have a mortgage upon the premises devised to her for $12,000 paid by the executors out of the estate of her husband, and the surrogate upon the accounting followed that decision. But we reversed that portion of the decision of the supreme court and held that the widow was not entitled to have payment of the amount of that mortgage.

The decree of the surrogate and the judgment of the general term affirming the same are therefore erroneous in that respect, and they should be modified by striking therefrom the provision as to the payment of the judgment entered upon the mortgage for $12,000, and, as thus modified, they should be affirmed, without costs to either party upon this appeal.

All concur.