Submitted on briefs November 20, modified December 18, 1923, rehearing denied March 4, 1924.

## RE ESTATE OF ADELAIDE J. HODGKIN. FRANK E. HODGKIN v. WILSON B. MILLER, ADMR., WITH WILL ANNEXED.

(221 Pac. 169; 223 Pac. 738.)

**Wills — Real Estate Mortgage on Specifically Devised Property Satisfied Out of Property not Specifically Devised.**

1. Where real property, subject to a mortgage made by the testator, is specifically devised, the mortgage is to be satisfied and discharged out of any property not specifically devised, if such property is sufficient for the purpose, and no different intent appears in the will.

**Wills—Entire Will Considered in Ascertaining Testator's Intent.**

2. In interpreting a will, the court will take it by its four corners in order to discover the real intent of the testator.

---

1. Right of devisee to have encumbrance on land discharged out of personalty to disappointment of legatee, see note in 8 **Ann. Cas.** 592.
See 23 C. J., p. 131.

**Wills—Mortgage on Specifically Devised Property not Satisfied Out of Property Described in Residue Clause Devising Residue, Including Described Property, in Trust.**

3.   Where will made specific devise of mortgaged property without mention of mortgage or attempt to charge payment thereof on particular fund or particular property, and devised the residue "including my" described property in trust for the benefit and support of named persons, the property so described in residue clause could not be sold to satisfy the mortgage, such clause constituting a specific devise of such property.

**Wills—Statement by Testatrix not Considered in Ascertaining Intent.**

4.   Statements made by testatrix as to her intentions cannot be considered in construing the will, but the intent must be derived from the language thereof.

**Wills—Evidence as to Value and Extent of Property Considered in Ascertaining Intent.**

5.   Evidence as to value and extent of property may be considered in ascertaining intent of testatrix.

### ON PETITION FOR REHEARING.

**Evidence—Laws of Sister State not Judicially Known.**

6.   The Supreme Court cannot take judicial notice of the laws of a sister state.

From Multnomah: George Tazwell, Judge.

In Banc.

This was a proceeding begun in the Circuit Court of Multnomah County, sitting in probate, to require the administrator of the estate of Adelaide J. Hodgkin, deceased, to discharge certain mortgages upon land devised by Adelaide J. Hodgkin to Frank E. Hodgkin, and involves the construction of the will of Adelaide J. Hodgkin, deceased, which is as follows:

"I, Adelaide J. Hodgkin, of Clarke County and State of Washington, do hereby make, publish and declare this my last will and testament, in manner and form following:

"I.

"I direct that all my just debts and funeral expenses be paid as soon after my decease as conveniently can be done.

## "II.

"I give and devise unto my husband, Frank E. Hodgkin, that certain house and lot located at No. 1210 Esther Avenue, in the City of Vancouver, Washington, for the period of his natural life; and the remainder of my estate therein I devise to my sister, Ella Ainsworth Spooner, and her heirs, forever.

## "III.

"I further give and devise to my husband, Frank E. Hodgkin, that certain house and real property located in Sunnyside Addition to the City of Portland, Multnomah County, Oregon, described as the east half of Lots 1, 2 and 3, in Block 11 thereof, being the only property I own in said addition.

## "IV.

"I give and bequeath to Florence Jennings, Bronte J. Cravatti, Edward C. Jennings and Lawrence B. Jennings the sum of one dollar each.

## "V.

"I give and bequeath to Vera Caufield, Robert Caufield, Percy Caufield and Nell Caufield one dollar each.

## "VI.

"I give and bequeath to my brother Charles Jennings the sum of one dollar.

## "VII.

"I give and bequeath to my brother William B. Jennings the sum of one dollar.

## "VIII.

"I give and bequeath to Elizabeth Mae Abernethy the sum of one dollar.

## "IX.

"I give and bequeath to my sisters, Ella Ainsworth Spooner and Lillian J. Clarkson, all of my personal belongings, movables and paraphernalia.

## "X.

"I do give, devise and bequeath to my nephew, Wilson B. Miller, all the rest, residue and remainder of my estate, including my estate in the Jennings Donation Land Claim at Jennings Lodge, Oregon, in trust for the benefit, support and maintenance of my sisters, Ella Ainsworth Spooner and Lillian J. Clark-

son, and my brother J. F. Jennings, and to the survivor of them, in equal shares, during the period of the natural life of each of them; and upon the death of the survivor of them, the remainder of said estate unexpired, I give, devise and bequeath to their heirs, *per stirpes.* And in carrying out the purposes of this trust, the said trustee is hereby given the right and power to dispose of any portion or all of said estate whenever in his judgment it may be necessary or advisable to do so. This devise and bequest is hereby made upon condition that neither the rent, profits, issues or principal amount thereof shall be subject in any wise to the debts of any of the devisees or legatees, nor shall the same be alienable by them.

"In witness whereof, I have hereunto set my hand and seal in the City of Vancouver, this 10th day of April, 1919, in the presence of —— and ——, whom I have requested to become attesting witnesses hereto.
"ADELAIDE J. HODGKIN.  (Seal.)"

The petition, in substance, set forth that a certain house and lot in the City of Vancouver were devised to the petitioner during his life, with the remainder to Ella Ainsworth Spooner and her heirs, which property was subject to a mortgage of $1,400, with interest. That there was also devised to petitioner a certain house and property in Sunnyside Addition to Portland, upon which was a mortgage of $2,500, and that the residuary estate devised to Wilson B. Miller was amply sufficient to pay the mortgages without resort to the property specifically devised.

There was a demurrer to the petition, which was overruled, and an answer was filed which, in substance, denied that the property devised to Miller in trust was not specifically devised, and claimed that it was specifically devised to Miller for the trusts that are disclosed in the will. It was further alleged that if the mortgages on the Sunnyside and Vancouver property are discharged out of the Jennings Lodge

property it will exhaust the property and defeat the trust, and that the true intent of the testatrix in making the will was to devise the properties to Hodgkin and Mrs. Spooner subject to the mortgage indebtedness thereon. It was further alleged that the promissory notes which the mortgages were given to secure were signed by Frank E. Hodgkin and the money used by him in the living expenses of his family and were really his debt and not the debt of Mrs. Hodgkin, and that in equity he should be required to pay and discharge the obligations.

A reply, putting in issue practically all these matters, was filed. Testimony was taken, supposed to bear upon the intent of the testatrix in making the will, and there was a decree as prayed for by the petitioner, from which decree the trustee and administrator appeals.                    Modified.

For appellant there was a brief over the names of *Mr. Fred Jensen* and *Messrs. Bronaugh & Bronaugh.*

For respondent there was a brief over the names of *Mr. John B. Cleland* and *Mr. George D. Young.*

McBride, C. J.—1. There is but one question in this case, and that is the construction to be placed upon the language used by the testatrix in making her will.

It is a well-known rule of law in this state, so thoroughly established as to require no citation of authorities, that where real property is specifically devised and such property is subject to a mortgage made by the testator, such mortgage is to be satisfied and discharged out of any property not specifically devised, if such property is sufficient for the purpose

110 Or.—25

and no different intent appears in the will. So the question here is: Does the clause in the will creating the trust in Miller amount to a specific devise of the Jennings Lodge property described therein?

2, 3. We do not regard the words "rest, residue and remainder of my estate" as in themselves controlling in this case. In interpreting the will we take it by its four corners in order to discover the real intent of the testator. Here we have a specific devise of property to Frank E. Hodgkin, with remainder to Mrs. Spooner, and of other property to Hodgkin himself, without any remainder over, with no mention of any mortgage and no attempt to charge the payment of the mortgages upon any particular fund or any particular property, except in so far as the law would accomplish this purpose, and which, in the absence of some other controlling clause indicating intent, would be accomplished by requiring the encumbrances to be discharged out of the *residuum* of the property. Here we discover in the will an apparent intent to create a specific trust in at least a portion of the property left and an elaborate provision for the administration of the trust so created. If we credit the testatrix with ordinary sense and knowledge of her affairs, and she seems to have been a business woman to some extent, we cannot assume that it was her intent to make provisions for the administration of this trust in the Jennings Lodge property, which is specifically mentioned, and at the same time subject it to the discharge of other encumbrances upon other property, which would, in effect, defeat the trust. To do this would be to say that the testatrix when she sat down to execute this will intended to do the very last thing which could possibly have been in her mind, namely, to create a trust in property which must

necessarily be exhausted in the payment of other debts and thereby render nugatory the elaborate directions that she had made for the administration of the trust property.

4, 5. We have no right to consider statements made by her as to her intentions, but must derive them from the language of the will; but we do have the right, in construing that language and in order to ascertain the intent, where the language is not so plain as it might be, to consider evidence as to the value and extent of the property. The Jennings Lodge property is particularly mentioned in the trust of the will and, so far as it is concerned, the devise is just as specific as the devise to Hodgkin or Mrs. Spooner, and while the will is inartificially drawn in that respect, we think, taking this clause as a whole, that it was not the intention of the testatrix, in using the words "rest, residue and remainder of my estate, including my estate in the Jennings Donation Land Claim," actually to leave this property in the condition of a *residuum* which might be used to pay off debts on other property not more specifically mentioned or described than the Jennings Lodge property.

The will is to be interpreted not by one particular clause, but by its whole tenor, and, judging the will by this standard, we believe it to be the evident intent of the testatrix in specifying the Jennings Lodge property to place it on an equality with the other devises and not to sacrifice it to the exigencies of the encumbrances on the property devised to Hodgkin and Mrs. Spooner, and as to that property the decree will be modified to the extent that it shall not be included in the sale.                MODIFIED.

Rehearing denied March 4, 1924.

ON PETITION FOR REHEARING.

(223 Pac. 738.)

For the petition *Mr. John B. Cleland* and *Mr. George D. Young*.

*Contra, Mr. Fred Jensen* and *Messrs. Bronaugh & Bronaugh.*

McBRIDE, C. J.—6. In the petition for rehearing stress is laid upon the assumption that the devise to respondent was in lieu of curtesy. It is true, as shown by Section 10070, Or. L., that a devise of lands, where nothing appears to evince a contrary intent, puts the devisee upon her election to take by the will instead of standing upon her right to dower, and it may be conceded for the purposes of this discussion that Chapter 87 of the General Laws of Oregon for 1907 is broad enough to enable all the statutes applicable to dower to apply to the new estate, or curtesy, created by that chapter. But we are not dealing with legal abstractions or technical distinctions. We deal with the intent of the testatrix, as manifested by what she says in her will, as interpreted by those circumstances necessarily inseparable from it. In her mind was an intent to give respondent certain specific pieces of real estate, which were mortgaged, not for her debt, but for the joint and several obligations of both. As to the tract in Oregon, respondent took an estate by curtesy; as to the tract in Washington, over which we have no jurisdiction, we cannot, as a matter of law, say what estate he took, as we cannot, in the absence of a pleading, take judicial notice of the laws of a sister state, even though we

may be aware, as lawyers, that dower and curtesy do not exist there; a peculiar condition which might well attract the attention of progressive lawmakers, and which not infrequently recurs, to the embarrassment of courts.

However, taking the will as a whole, we conclude that it was the intention of the testatrix that each specific devise was to be taken *cum onere.* This view of the testatrix's intent is strengthened by the fact that the mortgages upon the property devised to petitioner were mortgages to secure promissory notes executed as well by himself as by the testatrix; and to subject all the specific devises of realty to share equally or *pro rata* in the payment of these liens would be, in effect, requiring the devisees of the Jennings Lodge property to sacrifice that property to pay petitioner's debts, which the testatrix certainly never intended.

The property not specifically designated in the will should first be sold to pay any general indebtedness of the estate. It is not "for the interest of the estate" that the administrator should redeem the encumbered Vancouver and Portland property from the lien of the mortgages upon them. In the ordinary course of affairs property mortgaged for the purpose of borrowing money is sufficient in value to satisfy the liens upon it, and if, upon foreclosure, it should turn out otherwise, it will then be time to consider what should be done to satisfy possible claims.

Except as here indicated, we adhere to our original opinion. REHEARING DENIED.