[No. 28279. Department One. April 14, 1941.]

*In the Matter of the Estate of* John S. Cloninger,
*Deceased.*

Ina Cloninger Brown, *Appellant,* v. Inez Hopper,
*Respondent.*[1]

*W. H. Sibbald,* for appellant.

*A. H. Imus, Lester Huntington,* and *Imus & Marsh,*
for respondent.

[1]Reported in 112 P. (2d) 139.

BLAKE, J.—The question raised on this appeal is whether the devisee of real estate takes subject to a mortgage lien, or is entitled to have the mortgage debt exonerated from assets of the estate not specifically devised.

John S. Cloninger died in June, 1934, leaving a will executed March 7, 1932, by which he devised to his daughter, Inez Hopper, respondent here, a "building and lot in Block 50 Town of Kalama," and other real property, a description of which is not material to this controversy. "All the rest, residue and remainder" of his estate he bequeathed and devised to his wife, Ina Cloninger, now Ina Brown, appellant here, whom he named as executrix of the will.

Cloninger executed the mortgage on the lot in block 50 on August 18, 1930, to secure his note, of even date, in the amount of three thousand dollars. At the time of his death, the indebtedness had been reduced to $1,898.75. The mortgagee presented a claim in that amount to the executrix, which the latter paid, taking an assignment of the note and mortgage. When the final account of the executrix came up for hearing, respondent appeared and objected to its approval until the mortgage debt should be satisfied. After hearing the matter, the court held that respondent was entitled to have the mortgage debt satisfied by the executrix out of the residuary estate.

At common law, in the absence of a contrary intent appearing in the will, a testator was presumed to have intended that a mortgage given to secure an obligation for which he was personally liable, should be satisfied out of his personal estate just the same as any unsecured obligation. The basis for the rule is that the personal assets of the estate are primarily liable for the payment of the debts of the decedent. The rule and its limitation was first laid down in this

country by Chancellor Kent, after an exhaustive review of the English cases, in *Cumberland v. Codrington,* 3 Johns. Ch. (N. Y.) 229. The rule has been generally accepted and applied by the courts of this country. See annotation to *Smith v. Kibbe,* 104 Kan. 159, 178 Pac. 427, 5 A. L. R. 483; *Fulenwider v. Birmingham Trust & Savings Co.,* 222 Ala. 95, 130 So. 801, 72 A. L. R. 702; *In re Johnson,* 66 S. D. 331, 283 N. W. 151, 120 A. L. R. 574.

The common-law rule has been modified, however, in a number of states—some statutes going so far as to establish a converse rule: That, in the absence of an expression of intention by the testator to the contrary, it will be presumed that he intended the devisee to take the property *subject to the encumbrance.* The only statute which we find that in anywise modifies the common-law rule in this state, is Rem. Rev. Stat., § 1401 [P. C. § 10028], which provides:

"A charge or encumbrance upon any real or personal estate for the purpose of securing the payment of money, or the performance of any covenant or agreement, shall not be deemed a revocation of any will relating to the same estate, *previously executed.* The devises and legacies therein contained shall pass and take effect, subject to such charge or encumbrance." (Italics ours.)

Obviously, the statute does not take this case out of the general common-law rule, for, here, the mortgage antedated the will. It must be admitted, however, that the supreme court of Missouri, in construing an identical statute, has held it applicable to a case where the will, as here, was executed subsequent to the mortgage. We think, however, that the Missouri court failed to take into account, and to accord full import to, the words *"previously executed."* In this, that court failed to apply the rule of strict ·construc-

tion which is applicable to statutes in derogation of the common law.

Kansas, California, and Oregon have almost identical statutes, in face of which, the courts of those states have applied the common-law rule where the will was executed subsequent to the mortgage. *Smith v. Kibbe, supra; In re de Bernal's Estate,* 165 Cal. 223, 131 Pac. 375, Ann. Cas. 1914 D, 26; *In re Hodgkin's Estate,* 110 Ore. 381, 221 Pac. 169, 223 Pac. 738. Indiana has a similar statute, and there, also, the court has adhered to the common-law rule where the mortgage antedates the will. *Newcomer v. Wallace,* 30 Ind. 216. Be it said the statute is not discussed in these cases, but that is to be accounted for by the patent inapplicability of the statute where the obligation is incurred, and the mortgage is given, prior to the execution of the will.

The appellant puts much reliance in our own case of *In re McNulta's Estate,* 168 Wash. 397, 12 P. (2d) 389. It must be confessed that much is there said to lend her comfort. There, the testator left to his wife " 'any and all real estate . . . that. I may own in the state of Washington at the time of my death; . . .' " Two days after executing the will, he bought on contract a piece of land in Seattle, upon which there was a substantial balance due at the time of his death. The devisee insisted that the balance of the purchase price should be exonerated by the residuary estate. The position taken by the devisee in that case finds support in some of the authorities. *Sutherland v. Harrison,* 86 Ill. 363; *Hill v. Hill,* 37 Ariz. 406, 294 Pac. 831. In the latter case, the court said:

"It is the rule that, in the absence of an express provision in a will to the contrary, any mortgage indebtedness or indebtedness on a contract for purchase of realty is as much a debt of the estate, and payable out of the personal assets rather than out of the pro-

ceeds of the particular property encumbered as any other debt."

The rule laid down in these cases is, of course, at variance with much of the discussion in the *McNulta* opinion. But we believe that the latter case is distinguishable from the case at bar in the fact that, there, the will was executed prior to the contract. For that reason, the decision could well have been grounded on the statute, Rem. Rev. Stat., § 1401.

■ Appellant also points out that Cloninger's will contained no provision directing the payment of debts. This, however, is immaterial, because the law imposes the obligation upon the executor to pay the debts of the decedent out of the assets of his estate regardless of such a direction in the will. *German-American State Bank v. Godman,* 83 Wash. 231, 145 Pac. 221; *In re Hart's Estate,* 150 Wash. 482, 273 Pac. 735; *In re McNulta's Estate, supra.*

We conclude that, since the debt secured by the mortgage was a personal obligation of Cloninger's and was incurred prior to the execution of his will, respondent is entitled to have the debt exonerated out of the residuary assets of the estate and to have the mortgage discharged.

■ Appellant assigns error upon the court's failure to make her an allowance for her services as executrix and to charge a portion of the costs of administration against respondent's share of the estate. The latter part of the error charged is without foundation. Rem. Rev. Stat., § 1506 [P. C. § 9988], provides that payment of debts and expenses of administration shall be borne by "such part of the estate as shall not have been disposed of by the will, . . . ."

Assuming that the court abused its discretion in not making appellant an allowance for her services as executrix, it was error without prejudice—for such

allowance would have come out of the residuary estate, all of which went to appellant under the will.

Judgment affirmed.

ROBINSON, C. J., MAIN, STEINERT, and DRIVER, JJ., concur.