Argued June 17; affirmed July 14, 1942

# LADD & BUSH TRUST CO. *v.* KURTZ ET AL.

(127 P. (2d) 732)

Before BAILEY, LUSK, RAND, and BRAND, Associate Justices.

Custer E. Ross, of Salem (Ross & Lewelling, of Salem, on the brief), for appellants.

E. L. Crawford, of Salem, for respondent Ladd & Bush Trust Co.

Otto M. Bowman, of Salem (Edwin Keech, of Salem, on the brief), for respondents Dorothy and Curtis Peyton.

Ralph E. Moody, of Salem (Alvin A. Kurtz and Lyle Page, both of Salem, on the brief), for respondents Alvin A. and Virginia D. Kurtz, Howard F. and Florence E. Kurtz, Barbara Kurtz and Carrie Kurtz.

Sam F. Speerstra, of Salem (Rhoten & Rhoten, of Salem, on the brief), for respondents Henry A. Kurtz and Lottie Kurtz.

RAND, J. The plaintiff, Ladd & Bush Trust Company, as executor under the will of G. Friedrich Kurz, instituted this proceeding praying for a declaratory decree construing the will and determining what proportional part, if any, the various legatees and devisees named in the will shall be required to refund for the satisfaction of claims against the estate.

The case was tried in the circuit court for Marion county upon an agreed stipulation of facts and certain exhibits attached thereto from which it appears that G. Friedrich Kurz, or Kurtz as his descendants spell the name, died on December 6, 1936, leaving a last will and testament, in which he nominated the Ladd & Bush Trust Company as executor under the will and directed that all his just debts be paid, and that he left an estate consisting of real and personal property.

It also appears that, at the time of his death, the testator owed numerous debts and that the personal estate has been exhausted and is insufficient to pay his debts. Among the debts so left and still unpaid are two notes signed by the testator, one for $1,500 and one for $1,000, which are secured by a mortgage on all of lot 8, block 18, University Addition to the city of Salem, except 70 feet off the west end thereof which, prior to his death, the testator had sold and conveyed to Howard Kurtz, his grandson, by a deed which warranted that the premises so conveyed were free from all incumbrances.

The testator also in his lifetime had sold and conveyed to his said grandson, Howard Kurtz, 30.08 feet off the east end of said lot 8 and, by his deed, he had warranted that those premises were free from all incumbrances.

This left a frontage on Ferry street of some 55 or 60 feet in the center of said lot 8, block 18, belonging to the testator at the time of his death, on which there was an apartment house and which, together with the 30.08 feet off the east end of said lot, was subject to said mortgage.

The principal question upon this appeal grows out of the foregoing facts and two paragraphs in the will, numbered Ninth and Eleventh, which read as follows:

"I declare that I am indebted to the Ladd & Bush Bank, of Salem, Oregon, upon a mortgage in the sum of $2500.00, and direct that my executor, hereinafter named, shall sell and dispose of the following described premises to-wit: Beginning at an iron rod, which is the Northeast corner of Lot 8, Block 18, University Addition to the City of Salem, Marion County, Oregon, and running thence Westerly along the North line of said Lot 30.08 feet to

a marker set on the sidewalk along the North line of said Lot 8; thence Southerly and parallel with the East line of said Lot 8, to a marker set in concrete on the Southerly line of said Lot 8; thence Easterly along said South line of Lot 8, 30.08 feet, to the Southeast corner of said Lot; thence Northerly along the East line of said Lot, to the place of beginning, and being the Easterly 30.08 feet of said Lot 8, Block 18, University Addition to the City of Salem, Marion County, Oregon. Subject, however, to a right of way or easement twelve feet in width along the Southerly end of said above described property in favor of the owner of the remaining portion of said Lot 8.

"Out of the proceeds derived from the sale of said premises, my executor shall pay off and discharge said mortgage, and the surplus, if any there should be, shall be converted into my estate, to meet claims and charges against my estate, expenses of probate, etc.

"I have theretofore, in this instrument, directed the executor hereinafter named to sell a certain portion of Lot No. 8 in Block No. 18 of University Addition to the City of Salem, Marion County, Oregon, and I have heretofore deeded to my grandson Howard Kurtz another portion of said Lot. The remaining portion of said Lot, comprising a frontage of approximately 66 feet on Ferry Street, in the City of Salem, Marion County, Oregon, I give, devise and bequeath to Ladd & Bush Trust Company, in trust, nevertheless, for the use and benefit of my great grandson Delbert Kurtz, and I direct that said trustee shall have and exercise full and complete control over, shall have possession of said premises, and the whole thereof, shall operate and manage the same, and after the payment of all taxes and assessments levied or assessed thereon, all expenses incurred in the operation and management of the same, necessary upkeep and repair of buildings and improvements thereon, including insurance, payment of the expense of the

trustee, including a reasonable attorney's fees, it shall pay over to my said great grandson, Delbert Kurtz, the net income derived from said premises, such payment to be made at such times and intervals as the trustee shall deem advisable, until the said Delbert Kurtz shall arrive at the age of 30 years, it being my expectation that the maternal grandmother of the said Delbert Kurtz, Harriet C. Barker, shall be provided for out of said income as long as she may live, said trustee to use its own judgment as to the amount of such provision as is made for the said Harriet C. Barker, and when the said Delbert Kurtz shall arrive at the age of 30 years, the said provision made for him herein shall become his absolute property. Said trustee shall have authority to mortgage or otherwise encumber said premises for the purpose of repairing, remodeling or reconstructing any buildings thereon, or otherwise improving said premises, all at the risk of the trust estate, and if, in the opinion of said trustee, it is deemed advisable to sell and dispose of said premises and convert the proceeds derived therefrom into other income bearing property or securities, it is hereby authorized to do so, at the risk of the trust estate, and without any liability on the part of the trustee, and if the said Delbert Kurtz should die prior to attaining the age of 30 years, the provision in this paragraph made for him shall pass to and become the property of my granddaughter, Dorothy Peyton.''

At the close of the trial, the trial court entered a decree holding that the devisee of that portion of lot 8, devised in trust for the use and benefit of Delbert Kurtz, took the same *cum onere*, that is, subject to the mortgage, and was not entitled to contribution on account of said mortgage debt from either or any of the other legatees and devisees named in the will. From this decree Delbert Kurtz, by his guardian, Mary

Painter, and Harriet C. Barker have alone appealed. Harriet C. Barker, who was living at the time the decree was entered in the court below, has since died and her life interest in the property has terminated.

■■ It seems obvious from the foregoing that the testator, whose memory was manifestly defective at the time he executed his will, intended that this mortgage debt to the Ladd & Bush Trust Company should be satisfied out of property belonging to his estate and that the devisee should not take the property burdened with the mortgage. The fact that the testator directed that certain property which he did not own should be sold to satisfy the mortgage, which, of course, was an invalid direction, indicates very strongly that such was the intention of the testator when making his will. Although it was a debt secured by a mortgage, it was a personal debt of the testator and his will directs, as above stated, that all his just debts shall be paid and the direction that this debt should be paid out of the proceeds of the sale of other property, which the testator must have believed he owned at the time the will was made, convinces us that the testator intended that his estate should pay this debt in the same manner as all other debts of the estate, whether secured or otherwise, were to be paid.

"* * * As against specific devisees and legatees the devisee of incumbered property is bound to bear the burden, in the absence of any provision in the will directing otherwise." Rood on Wills, 2d ed., sec. 756b.

As said by Mr. Chief Justice McBRIDE, speaking for the court in *Re Estate of Hodgkin*, 110 Or. 381, 221 P. 169, 223 P. 738:

"It is a well-known rule of law in this state, so thoroughly established as to require no citation of

authorities, that where real property is specifically devised and such property is subject to a mortgage made by the testator, such mortgage is to be satisfied and discharged out of any property not specifically devised, if such property is sufficient for the purpose and no different intent appears in the will.''

Section 18-605, O. C. L. A., provides:

''When any testator in his last will shall give any chattel or real estate to any person, and the same shall be taken in execution for the payment of the testator's debts, then all the other legatees, devisees, and heirs shall refund their proportional part of such loss to such person from whom the bequest shall be taken.''

■ Since, as pointed out, the testator manifestly intended that his devisee, Delbert Kurtz, should not take that part of lot 8 of block 18 devised to him *cum onere* but that the mortgage debt should be paid out of the property of his estate in the same manner that his other debts were to be paid, it is clear that the general rule stated by Mr. Chief Justice McBride, above quoted, should not be applied to the facts in this case because the testator has otherwise directed in his will. In that respect, the decree of the circuit court is reversed.

Hence, in accordance with the statute above referred to, we hold that the mortgage debt, like all other debts of the estate, must be paid so far as necessary by each legatee and devisee, including Delbert Kurtz, by requiring them to refund their proportional part of the gifts they were to receive under the will.

It appears from the agreed stipulation of facts and from the will that the testator devised substantially all the property of his estate by specific legacies or

specific devises, leaving practically nothing for the payment of his debts. Whether, under the terms of the will, as the appellant contends, Delbert Kurtz is entitled to the net income from the apartment house property devised to him, after the payment of the expenses of the upkeep thereof and taxes accruing thereon, is a question upon which we pass no opinion at this time for the reason that the facts disclosed by the record are not sufficient to determine that question.

The decree appealed from, so far as it holds that Delbert Kurtz is not entitled to contribution on account of said mortgage debt, will be reversed. Except as so modified, the decree is affirmed.