452 May 13, 2026 No. 402

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of J. Y. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

J. Y. S.,
*Respondent,*

*v.*

V. G.,
*Appellant.*

Deschutes County Circuit Court
25JU01098; A188726

Bethany P. Flint, Judge.

Argued and submitted March 19, 2026.

Gabe Newland, Deputy Public Defender, argued the cause for appellant. Also on the brief was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Jeff J. Payne, Assistant Attorney General, argued the cause for respondent Department of Human Services. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Erica Hayne Friedman argued the cause for respondent Child. Also on the brief was Youth, Rights & Justice.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

Mother appeals a juvenile court judgment assert-ing dependency jurisdiction over her son, J, who was seven years old at the time of the jurisdiction trial. She raises two assignments of error. First, mother challenges the court's assertion of dependency jurisdiction based on mother being "unable or unwilling to consistently meet the child's basic needs" (allegation 4A). Second, mother contends that the court plainly erred in taking judicial notice that "the basic needs of a child include freedom from physical, sexual or emotional abuse." For the reasons explained below, we affirm.

## FACTS

In February 2025, J was in first grade and living with mother. Mother and father were separated, and father lived elsewhere. J made suicidal statements at school that led to a meeting with a school psychologist, in which J reported physical abuse by mother. That in turn led to the Oregon Department of Human Services (ODHS) opening an investigation. J was interviewed by an ODHS caseworker and, later, at KIDS Center. He made statements regarding physical abuse and lack of food in the home.

ODHS petitioned for dependency jurisdiction, alleg-ing six jurisdictional bases relating to mother and additional bases relating to father. The juvenile court held a contested hearing in September 2025 and ultimately asserted juris-diction over J on four bases related to mother and two bases related to father. The jurisdictional bases relating to mother are that mother is unable or unwilling to consistently meet J's basic needs (allegation 4A); that mother engages in a pattern of physical abuse of J; that mother's mental health impairs her ability to safely parent; and that mother's pat-tern of volatile behavior, including engaging in a domesti-cally violent relationship with father, impairs her ability to safely parent.

Regarding mother's inability to meet J's basic needs—the only jurisdictional basis at issue on appeal—the juvenile court found that mother was able to meet J's basic needs for shelter, food, and the like, but not his basic need

to live in a home free of abuse. The court began its discussion of the basic-needs allegation by acknowledging that "it was hard for me to really identify what those basic needs were identified as for [J]." The court then went through the evidence, finding that mother was employed and financially independent, had lived in the same house for a significant time, and had transportation—"[r]eally, all of those basic things that would meet a child's basic needs." As for food, given inconsistencies between J's testimony and his prior statements, the court was unpersuaded that J lacked adequate food. Ultimately, however, the court viewed freedom from abuse as a "basic need" of J's that mother was not meeting and found allegation 4A proved in that regard:

> "In terms of those types of basic needs [(such as shelter and food)], I think [mother] can meet those types of basic needs with the exception of the fact that a child is entitled to a home environment that is free from physical, emotional, and psychological abuse and damage. So in terms of defining a child's basic needs, the child—you know, the child's kind of bill of rights or what a child is entitled to for safety is really the foundational element for why we even have juvenile court.

> "It's a child-focused analysis in terms of what that kiddo is entitled to and it's one of [the] preliminary statutes. And so I do find that a child's right to live in a home that is free from physical injury, emotional and psychological harm is a basic need of a child and a fundamental right.

> "So to the extent that I need to parse out what are basic needs, I do find 4A proven by a preponderance of the evidence as it goes to a child's specific right, statutory right, and arguably constitutional right *to live in a home that is free from physical abuse, psychological, and emotional harm*."

(Emphases added.)

Later, ODHS asked the court whether the proposed judgment should mention "that failure to meet the basic needs encompasses the child's need to be provided a safe home environment free of violence." The court stated that it should. The court made remarks to the effect that children have fundamental rights, as recognized in ORS 419B.090, and that those fundamental rights amount to "basic needs"

as the court understood that term. ODHS commented that recognizing "that basic needs of a child include the freedom from physical, sexual, and emotional abuse is really judicial notice of that statute of 419B.090." The court did not respond to that comment. The court ultimately entered a judgment taking "judicial notice" that "the basic needs of a child include freedom from physical, sexual or emotional abuse."

## BASIC-NEEDS JURISDICTIONAL BASIS

The juvenile court is authorized to assert dependency jurisdiction over a child whose conditions and circumstances expose them to a current threat of serious loss or injury that will likely be realized. ORS 419B.100(1)(c); *Dept. of Human Services v. A. L.*, 268 Or App 391, 397-98, 342 P3d 174 (2015). ODHS, as petitioner, bore the burden of proof. *Id.*

Mother argues that ODHS failed to prove that she was "unable or unwilling to consistently meet the child's basic needs" (allegation 4A), because "basic needs" refers to physical survival needs such as food, shelter, and medical care, and the juvenile court expressly found that mother was meeting those needs for J. ODHS and J disagree. They take an expansive view of "basic needs," arguing that it encompasses not only basic physical needs, but also all the legal rights listed in ORS 419B.090—including freedom from physical and emotional abuse—and, indeed, anything that would give rise to dependency jurisdiction. That is, they seem to take the position that any condition or circumstance that threatens serious loss or injury to a child equates to the child's parents failing to meet the child's basic needs. In this case, they argue, the juvenile court permissibly interpreted "basic needs" to encompass freedom from physical and emotional abuse and found that mother was unable to meet that basic need of J's.

The first assignment of error thus reduces to a disagreement over whether freedom from physical and emotional abuse can properly be understood as a "basic need" of a child. To be clear, the sufficiency of the evidence of abuse is not at issue on appeal. That is, if the juvenile court permissibly viewed freedom from physical and emotional abuse

as a "basic need," mother does not challenge the evidentiary sufficiency.

We are skeptical of the proposition seemingly advocated by ODHS and J that an allegation that a parent is unable to meet a child's "basic needs" can fairly be read to encompass every possible basis for dependency jurisdiction. Regardless of the defensibility of the semantics, such an approach would create obvious notice problems for parents. *See* ORS 419B.809(4)(b) ("The petition shall *** [c]ontain the facts that bring the child within the jurisdiction of the court, including sufficient information to put the parties on notice of the issues in the proceeding."); *Dept. of Human Services v. J. R. L.*, 256 Or App 437, 447, 300 P3d 291 (2013) ("[A] juvenile court cannot base its jurisdictional decision on facts that depart from the petition or jurisdictional judgment when neither the petition nor the jurisdictional judgment would put a reasonable parent on notice of what the parent must do to prevent the state from asserting or continuing jurisdiction over the child.").

This is not a notice case, however, in that mother never contended in the trial court that the phrasing of allegation 4A created a notice problem. In the absence of a notice problem, we are unpersuaded that the juvenile court could not interpret and use the term "basic needs" broadly. Even if ODHS had food insecurity in mind in pleading that allegation, mother has not pointed us to any authority that would prevent the court from reading allegation 4A more broadly, so long as there was not a notice problem.

In so concluding, we emphasize that the juvenile court found allegation 4A proved as to only *one* "basic need," which is J's need for freedom from physical and emotional abuse.[1] Although ODHS and child interpret "basic needs" very broadly—and thus presumably interpret allegation 4A very broadly as pleaded—ODHS acknowledged at oral argument that, given the juvenile court's findings, jurisdictional basis

---

[1] The judgment notes that a child's basic needs include freedom from "physical, sexual or emotional abuse," but there was no evidence or allegation of sexual abuse in this case. The juvenile court repeatedly referred in its oral findings to physical abuse and emotional or psychological abuse, which is consistent with the trial evidence.

4A must be understood to be limited to the singular unmet "basic need" identified by the court. We agree. The only condition or circumstance encompassed by jurisdictional basis 4A as found is mother being unable or unwilling to consistently meet J's need for freedom from physical and emotional abuse. With that caveat, we conclude that the juvenile court did not err in asserting jurisdiction over J based on allegation 4A.

## JUDICIAL NOTICE

Mother next assigns error to the juvenile court taking judicial notice in the judgment that "the basic needs of a child include freedom from physical, sexual or emotional abuse." The parties understand the court to have taken judicial notice of a law, specifically ORS 419B.090, in making that statement. *See* OEC 201(a) (providing that OEC 201 "govern[s] judicial notice of adjudicative facts" and that OEC 202 "governs judicial notice of law"); OEC 202(1) (defining "[l]aw judicially noticed" to include "[t]he decisional, constitutional and public statutory law of Oregon, the United States, any federally recognized American Indian tribal government and any state, territory or other jurisdiction of the United States").

Mother acknowledges that she did not object below to the taking of judicial notice and requests discretionary plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). If an error is plain and was not harmless, we must decide whether to exercise our discretion to correct it. *State v. Ortiz*, 372 Or 658, 672, 554 P3d 796 (2024).

As relevant here, ORS 419B.090 is a provision of the juvenile code that contains a legislative acknowledgement that children have certain "legal rights" and that their parents have a "duty" to parent them in a way that effectuates those rights:

"(a)   It is the policy of the State of Oregon to recognize that children are individuals who have legal rights. Among those rights are the right to:

"(A)   Permanency with a safe family;

"(B)   Freedom from physical, sexual or emotional abuse or exploitation; and

"(C)   Freedom from substantial neglect of basic needs.

"(b)   Parents and guardians have a duty to afford their children the rights listed in paragraph (a) of this subsection. Parents and guardians have a duty to remove any impediment to their ability to perform parental duties that afford these rights to their children. When a parent or guardian fails to fulfill these duties, the juvenile court may determine that it is in the best interests of the child to remove the child from the parent or guardian either temporarily or permanently."

ORS 419B.090(2).

Mother contends that the juvenile court obviously misconstrued ORS 419B.090, because the statute does not identify freedom from abuse as one of a child's "basic needs." She argues that the statute recognizes children as having certain "legal rights" but does not equate "legal rights" with "basic needs" and, moreover, expressly distinguishes between "physical, sexual or emotional abuse or exploitation," ORS 419B.090(2)(a)(B), and "neglect of basic needs," ORS 419B.090(2)(a)(C). In response, ODHS argues that "it is not obvious that freedom from different types of abuse cannot be considered to be a basic need of a child, or that evidence of abuse cannot also be evidence of a denial by a parent of a child's basic needs." J similarly argues that "basic needs" is not "necessarily limited to the material requirements for a child's survival" and that "[t]he legislature intended for the 'rights' listed in ORS 419B.090(2)(a) to also be considered among a child's basic needs for purposes of dependency proceedings."

The posture of the second assignment of error is unusual. Mother claims that the trial court erred in taking judicial notice that "the basic needs of a child include freedom from physical, sexual or emotional abuse." If mother

were arguing that the meaning of a statute is not a proper subject of judicial notice, it would be clear how to address the claim of error. She also would be correct. That "the basic needs of a child include freedom from physical, sexual or emotional abuse" is not a judicially noticeable fact under OEC 201. *See* OEC 201(b) (severely limiting the kinds of facts that can be judicially noticed). Nor may a court construe a statute in the guise of taking "judicial notice" under OEC 202. A court may take judicial notice of the *existence* of a statute or other law, thus avoiding historical pleading and proof requirements, but the act of *construing* a statute is simply the normal work of the court, not an act of judicial notice. *See* Laird C. Kirkpatrick, *Oregon Evidence* § 202.03 (7th ed 2025) ("[T]he primary significance of Rule 202 is to eliminate for the laws listed therein any requirement of pleading or proof to the jury.").[2]

Here, however, mother is not contesting the taking of judicial notice itself. Although she has assigned error to the taking of judicial notice as a separate ruling, mother does not challenge the propriety of taking judicial notice itself. She is concerned only with how the juvenile court construed ORS 419B.090, as relevant to its statement that "the basic needs of a child include freedom from physical, sexual or emotional abuse." Had the court not purported to take "judicial notice" of that statement, mother would simply be challenging an aspect of the court's reasoning for its ruling that is the subject of the first assignment of error. In that case, there would be no separate assignment of error, *City of Corvallis v. State of Oregon*, 304 Or App 171, 180 n 6, 464 P3d 1127 (2020) ("[L]egal conclusions and points of legal analysis are not 'rulings' to be divided into multiple

---

[2] Historically, the law "was not always easily accessible," and "the courts at common law viewed its determination as a question of fact." Kirkpatrick, *Oregon Evidence* § 202.03; *see, e.g.*, *Re Estate of Hodgkin*, 110 Or 381, 388-89, 223 P 738 (1924) (on rehearing) ("as to the tract in Washington, over which we have no jurisdiction, we cannot, as a matter of law, say what estate he took, as we cannot, *in the absence of a pleading, take judicial notice of the laws of a sister state*, even though we may be aware, as lawyers, that dower and curtesy do not exist there" (emphasis added)). OEC 202 eliminates the need for laws to be "pleaded and proven to the jury as an issue of fact." Kirkpatrick, *Oregon Evidence* § 202.03; *see, e.g.*, *State v. Nelson*, 181 Or App 593, 600 & n 2, 47 P3d 521, *rev den*, 335 Or 90 (2002) (taking judicial notice of a county ordinance under OEC 202 and rejecting argument that that ordinance must be admitted into evidence in order for it to be considered).

assignments of error."), and mother's position on preservation might be different, *see State v. Dodge*, 373 Or 156, 173, 563 P3d 339 (2025) ("Regarding the specificity required to preserve an issue, this court has drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. The first ordinarily is essential, the second less so, the third least." (Internal citation and quotation marks omitted; emphasis in original.)).

The judgment's mischaracterization of what the court did as an act of taking "judicial notice" has unnecessarily complicated matters, particularly as to preservation, which we have an independent duty to assess. It also has resulted in part of the court's reasoning for taking jurisdiction on allegation 4A being separated from the discussion of the first assignment of error. We remind the bench and bar to be careful about use of the term "judicial notice," as misuse of that term can create unnecessary problems. As for this case, we reject the second assignment of error based on the following reasoning.

ODHS alleged in the petition as a basis for dependency jurisdiction that mother was unable to meet J's "basic needs." To decide whether that allegation was proved, the juvenile court had to decide what "basic needs" are. Invoking foundational principles of juvenile law, including the rights of children recognized in ORS 419B.090, the court expressed the view that "what a child is entitled to for safety is really the foundational element for why we even have juvenile court" and concluded that physical and emotional safety are basic needs. That understanding was memorialized in the judgment, as relevant to allegation 4A, by taking "judicial notice" that "the basic needs of a child include freedom from physical, sexual or emotional abuse." The court then concluded that ODHS had proved that mother was unable to meet J's basic needs, specifically his basic need to be free from physical or emotional abuse.

On appeal, mother now argues for the first time that the juvenile court misconstrued ORS 419B.090 and that ORS 419B.090 does not support the proposition that "the basic needs of a child include freedom from physical,

sexual or emotional abuse." Given the unusual posture of this case, we accept the parties' position on preservation and address that issue in a plain-error posture. Doing so, we are unpersuaded that the juvenile court *plainly* misconstrued ORS 419B.090.

It appears to us that the juvenile court may have relied on ORS 419B.090 only as establishing that children have a "right" to freedom from physical, sexual, or emotional abuse—something that ORS 419B.090 plainly states—and then independently reasoned from there that such a right is so fundamental and foundational to the juvenile code that it should be considered a "basic need" of children. Such reasoning might be in some tension with ORS 419B.090 itself, insofar as the statute seems to distinguish between "physical, sexual or emotional abuse or exploitation," ORS 419B.090 (2)(a)(B), and failure to meet "basic needs," ORS 419B.090 (2)(a)(C). But it does not necessarily follow that the juvenile court *misconstrued* ORS 419B.090, particularly if the court relied on that statute only as establishing (as it does) that children have a "right" to freedom from abuse. It should be noted that the judgment does not mention ORS 419B.090 or specify how it supports the court's noticed statement.

Moreover, regardless of how the court read ORS 419B.090, that statute does not purport to define the term "basic needs" for purposes of juvenile dependency jurisdiction, and, on this record, we perceive that the court likely would have viewed freedom from abuse as a "basic need" of children regardless of how it interpreted ORS 419B.090, at least absent a notice objection from mother. That would dissuade us from exercising our discretion to correct the purported plain error in any event. For both reasons, we reject the second assignment of error.

Affirmed.